O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THE TRAVELERS INDEMNITY
COMPANY,

         Plaintiff,

    v.

NEW ORLEANS LOUISIANA SAINTS,
LLC.,

         Defendant.

CASE NO. SACV 13-1998-JLS (JPRx)

**ORDER GRANTING MOTION TO
DISMISS (Doc. 11)**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Before the Court is Defendant New Orleans Louisiana Saints, LLC's Motion to Dismiss.  (Mot., Doc. 11.)  Plaintiff Travelers Indemnity Company opposed, and Defendant replied.  (Opp'n, Doc. 14; Reply, Doc. 16).  Having read the papers, heard oral argument, and taken the matter under submission, the Court GRANTS Defendant's Motion.  Plaintiff's claims are DISMISSED WITHOUT PREJUDICE to seeking relief within California's workers' compensation system.  The Scheduling Conference set for May 30, 2014 at 1:30 p.m. is VACATED.

## I.    Background

Plaintiff insured the Kansas City Chiefs for workers' compensation claims. (Compl. ¶ 22, Doc. 1.)  Defendant owns and operates the New Orleans Saints.  (*Id*. ¶ 6.)

On April 1, 1984, First Horizon Insurance Company issued an insurance policy naming the New Orleans Saints Football Club as the named insured.  (*Id*. ¶ 10, Ex. 1.)  The policy, which had an effective period from April 1, 1984 to April 1, 1987, provided that it would "pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law."  (*Id*. ¶¶ 10-11.)  Plaintiff alleges the First Horizon Policy does not constitute workers' compensation insurance in California.  (*Id*. ¶¶ 10-19.)

Jim Rourke was a professional football player for the New Orleans Saints from November 2, 1985 to September 2, 1986.  (*Id*. ¶ 20.)  Rourke played for the Kansas City Chiefs at least from October 10, 1986 until November 2, 1986.  (*Id*.) Both the Saints and the Chiefs played some of their games in California during this time.  (*Id.*)

Rourke filed an application for workers' compensation benefits in California based on an alleged workplace injury incurred during his employment with both the Saints and the Chiefs.  (*Id*. ¶ 21.)  Rourke made an election under California Labor

Code § 5500.5(c) to have his workers' compensation claim proceed against the Chiefs only, "due to issues regarding the First Horizon Policy." (*Id*. ¶ 22.) On August 5, 2013, Plaintiff settled Rourke's claim for $199,999 pursuant to an Order Approving Compromise and Release issued by the California Workers' Compensation Appeals Board ("WCAB"). (*Id*. ¶ 22, Ex. 2.) The WCAB Order stated that it "include[d] joinder on this case of [Defendant]." (*Id*. Ex. 2 at 77.)

On December 26, 2013, Plaintiff filed the present action. Plaintiff brings claims for: (1) a declaratory judgment as to whether the First Horizon Policy provides workers' compensation coverage in California; (2) reimbursement under California Labor Code section 5500.5(a) for 96% of the award against Plaintiff in the workers' compensation proceeding; (3) "equitable indemnity" for the same portion of the same award; and (4) "negligence/subrogation" pursuant to California Labor Code sections 5500.5(a) and 3706, against Defendant for Rourke's injuries. (*Id*. at 8-11.) Defendant moved to dismiss the claims and the action under Federal Rules of Civil Procedure 12(b)(1), (3) and (6). (Mot.)

## II.    Legal Standard

When a motion is made pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving that the court has subject matter jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In other words, a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) can be facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are

insufficient on their face to invoke federal jurisdiction." *Id*.  "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008).  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039.  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*.

Dismissal of a complaint for failure to state a claim under Rule 12(b)(6) is not proper where a plaintiff has alleged "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 68 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).  Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## III.   Discussion

The Court first addresses Plaintiff's Labor Code section 5500.5(a) claims and indemnity claim, and finds the claims must be dismissed.  The Court then addresses Plaintiff's claim for declaratory relief, and finds it inappropriate to hear the claim.

1       **A.**     **Labor Code Section 5500.5(a) Claims and Indemnity Claim**

2           **1.**     **Statutory Framework and Exclusive Authority of Workers'**

3               **Compensation System**

4       The California workers' compensation system has the "exclusive authority to

5 hear claims '[f]or the recovery of [workers'] compensation, or concerning any right

6 or liability arising out of or incidental thereto.'" *United States Fidelity & Guaranty*

7 *Co. v. Lee Investments LLC*, 641 F.3d 1126, 1134 (9th Cir. 2011) (alterations in

8 original; quoting Cal. Labor Code § 5300); *see also Fremont Indem. Co. v. Superior*

9 *Court*, 133 Cal. App. 3d 879, 881 (1982) ("The preferred policy is to repose in the

10 WCAB as much as possible resolution of problems and alleged claims arising out of

11 worker's compensation matters."); *Mitchell v. Scott Wetzel Servs., Inc*., 227 Cal.

12 App. 3d 1474, 1480 (1991) ("In adjudicating whether a claim falls within the

13 workers' compensation system, all doubt should be resolved in favor of finding

14 jurisdiction within the workers' compensation system.").  Although these

15 exclusivity provisions do not divest federal courts of subject matter jurisdiction, they

16 are nonetheless "'substantive' provisions which, under *Erie*, a district court sitting in

17 diversity is bound to follow." *Fidelity & Guaranty Co.*, 641 F.3d at 1133.  Thus,

18 where California law would preclude a state court from hearing Plaintiff's claims in

19 favor of the WCAB, it would also preclude this Court from doing so.  *See id.*

20       Any worker who sustained a cumulative injury is entitled to obtain recovery

21 from all employers that employed the worker during the last year of the cumulative

22 injury.  *See* Cal. Labor Code § 5500.5(a).  Under section 5500.5(c), "[i]n any case

23 involving a claim of . . . cumulative injury occurring as a result of more than one

24 employment within the appropriate time period set forth in subdivision (a), the

25 employee making the claim . . . may elect to proceed against any one or more of the

26

27

28

employers."[1]  *Id*. § 5500.5(c).  "If, during the pendency of any claim . . . it should appear that there is another proper party not yet joined, the additional party shall be joined . . . but the liability of the employer shall not be determined until supplemental proceedings are instituted."  *Id*.  Under section 5500.5(e), "any employer held liable under the award may institute proceedings before the appeals board for the purpose of determining an apportionment of liability or right of contribution.  The proceeding . . . shall be limited to a determination of the respective contribution rights, interest or liabilities of all employers joined in the proceeding, either initially or supplementally . . . ."  *Id*. § 5500.5(e).

Section 5500.5(a) provides in part: "[i]n the event that none of the employers during [the last year of injurious exposure] are insured for workers' compensation coverage or an approved alternative thereof, liability shall be imposed upon the last year of employment exposing the employee to the . . . cumulative injury for which an employer is insured for workers' compensation coverage or an approved alternative thereof."  *Id*. § 5500.5(a).  In essence, section 5500.5(a) is a "push-back" provision.  Using the example of a professional football player, ordinarily only those organizations that employed the player in the last year of the cumulative injury would be liable.  However, if none of those organizations has workers' compensation insurance for that time period, liability is pushed back to an organization that employed the player in an earlier year.  To avoid the unfairness of the push-back provision, section 5500.5(a) also provides that "[a]ny employer held liable for workers' compensation benefits as a result of another employer's failure to secure the payment of compensation as required by this division shall be entitled to reimbursement from the employers who were unlawfully uninsured during the last

---

[1] Insurers are considered "employers" under section 5500.5.  *Graphic Arts Mut. Ins. Co. v. Time Travel Int'l, Inc*., 126 Cal. App. 4th 405, 412 (2005).

year of the employee's employment, and shall be subrogated to the rights granted to the employee against the unlawfully uninsured employers . . . ." *Id.*  Such a claim for reimbursement under section 5500.5(a), or for damages under section 3706 when the insurer is subrogated to the workers' claims under section 5500.5(a), may be brought outside the workers' compensation system. *See Graphic Arts*, 126 Cal. App. 4th at 413-15.

### 2.   Plaintiff Cannot Bring Claims under Section 5500.5(a) or for "Indemnity" for an Apportionment of the WCAB Award

Plaintiff argues that it need not use the joinder and contribution mechanisms set forth in sections 5500.5(c) and (e) to recover from Defendant, but may go outside the workers compensation system by relying on the reimbursement and subrogation provisions of section 5500.5(a).  Specifically, Plaintiff asserts that section 5500.5(a) is not limited in its application to employers who employed the player outside the last year of injurious exposure and for whom liability was pushed back.  (Opp'n at 11-17.)  Instead, according to Plaintiff, employers that employed the player in the last year of injurious exposure and had coverage can seek partial reimbursement from those employers that employed the player during that last year and did not have coverage.  (*Id.*)

This is not a proper reading of the statute.  First, the sentence immediately preceding the discussion of reimbursement and subrogation rights makes clear that these provisions apply "[i]n the event that none of the employers [in the last year of injurious exposure]" had coverage.  Cal. Labor Code § 5500.5(a).  In addition, an employer in the last year of injurious exposure is not held liable "as a result of" other employers being unlawfully uninsured; it is held liable because it employed the player in the last year of injurious exposure.  *See* 2 WITKIN, SUMMARY 10TH (2005) WORK COMP, § 170, P. 767(1) ("If no employer is insured during the

1  applicable period, liability is imposed on the last insured employer exposing the

2  employee to the disease or cumulative injury. *That employer* has a right of

3  reimbursement from the uninsured employers and is subrogated to the employee's

4  rights against those employers under [Labor Code sections] 3700 et seq.") (emphasis

5  added).

6      Plaintiff cites no decision where an employer from the last year of injurious

7  exposure brought an action for partial reimbursement under section 5500.5(a)

8  against another employer from the last year of injurious exposure.  Instead, Plaintiff

9  relies on *Graphic Arts* to argue that it may bring claims under section 5500.5(a).

10  (Opp'n at 14-15).  However, in *Graphic Arts* the insurer bringing the

11  section 5500.5(a) claim was not an "employer" during the last year of injurious

12  exposure.  Instead, liability was pushed back to the insurer because the sole

13  employer in the last year of injurious exposure was unlawfully uninsured.  The

14  *Graphic Arts* court further distinguished the section 5500.5(a) claim from one for

15  contribution under section 5500.5(e), because the insurer "was not seeking

16  apportionment of liability or a right of contribution."  *Id.* at 415.  Thus, *Graphic Arts*

17  does not support Plaintiff's argument.

18      At the hearing on this motion, Plaintiff argued for the first time that the

19  WCAB would not have jurisdiction to hold an unlawfully uninsured employer liable

20  for an award or to hear a claim for contribution by a lawfully covered employer

21  against an unlawfully uninsured employer.  (Hr'g Tr. at 14:14-19, 22-23; 59:23-

22  60:12.)  Plaintiff cited no authority for this argument, and it is contrary to an

23  argument made in its Opposition.  (Opp'n at 17.)  An employee may proceed against

24  an unlawfully uninsured employer before the WCAB, and the WCAB may issue an

25  award against the unlawfully uninsured employer.  Cal. Labor Code § 3715(a).  As

26  the WCAB can make an award against an unlawfully uninsured employer, there is

27  no reason why it cannot apportion an award among an unlawfully uninsured

28

employer and a lawfully covered employer.  Reimbursement and subrogation under section 5500.5(a) are therefore limited to situations in which all employers in the last year of injurious exposure were unlawfully uninsured, and as a result a prior employer with coverage was held liable.

Here, according to Plaintiff, Rourke was employed by its insured, the Chiefs, in his last year of injurious exposure.[2]  (*See* Compl. ¶ 20; Opp'n at 6.)  As a result, Plaintiff cannot bring a claim for reimbursement under section 5500.5(a), nor can it be subrogated to Rourke's claims under the same section.  Accordingly, the second and fourth claims are DISMISSED.

Plaintiff may instead seek an apportionment of its liability for the workers' compensation award with Defendant in proceedings before the WCAB, where Defendant has already been joined.  *See* Cal. Labor Code § 5500.5(c); (*see* Compl. Ex. 2 at 77.)  If Defendant is found jointly liable in supplemental proceedings, that liability may be apportioned among Plaintiff and Defendant.  Cal. Labor Code § 5500.5(e).  As a California state court could not hear such a claim for apportionment, this Court cannot either.  *See Fidelity*, 641 F.3d at 1133; Cal. Labor Code § 5300.  Accordingly, Plaintiff's third claim, which seeks to hold Defendant liable for a portion of the WCAB award under the guise of "equitable indemnity," is DISMISSED.

_____

[2] At the hearing, Plaintiff clarified that it was claiming the Chiefs were the last employer to employ Rourke *in California*, and thus, for purposes of section 5500.5(a), the Chiefs were an employer in the last year of injurious exposure.  (Hr'g Tr. at 13:17-20, 25:17-18.)  The Court need not decide the issue in this Order.  If the Chiefs employed Rourke in the last year of injurious exposure, the claims must be dismissed at least for the reasons discussed in this section.  If the Chiefs did not employ Rourke in the last year of injurious exposure, Plaintiff would not have a claim against Defendant, as Defendant allegedly employed Rourke before the Chiefs.

1   **B.     Declaratory Judgment Claim**

2           Plaintiff also seeks a declaration that the First Horizon Policy does not

3   provide workers' compensation coverage in California, as it allegedly affects at least

4   eleven other ongoing workers' compensation proceedings besides Rourke's.  This

5   claim is ultimately a request for relief, and Plaintiff is not entitled to such relief

6   absent a viable underlying claim before this Court.  *See Shaterian v. Wells Fargo*

7   *Bank, N.A*., 829 F. Supp. 2d 873, 888 (N.D. Cal. 2011); *see also San Diego Police*

8   *Officers' Ass'n v. San Diego City Employees' Retirement System*, 568 F.3d 725, 736

9   (9th Cir. 2009).  Further, the WCAB has already found the First Horizon Policy

10  provided workers' compensation coverage to Defendant in California.  (RJN Exs. 1-

11  3, Doc. 11-1.)[3]  Plaintiff requests the Court provide a contrary interpretation of the

12  policy, so that Plaintiff can attempt to have that interpretation enforced in ongoing

13  workers' compensation proceedings.  This is not a proper basis for declaratory

14  relief.  *See Continental Cas. Co. v. Robsac Indus*., 947 F.2d 1367, 1372 (9th Cir.

15  1991) (reactive nature of insurer's declaratory judgment action warranted dismissal

16  where it was filed during pendency of non-removable state court action presenting

17  same issues of state law, and to obtain tactical advantage from litigating in federal

18  forum), *overruled on other grounds by Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220

19  (9th Cir. 1998); *see also R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966,

20  975-77 (9th Cir. 2011) (courts consider forum shopping, needless determination of

21  state law issues, and duplicative litigation in declining to hear claim for declaratory

22  relief).

23          Accordingly, this claim is DISMISSED.

24

25

26  ─────────────────────

27  [3] Plaintiff was not a party to the proceeding.

28

**IV.    Conclusion**

        For the foregoing reasons, Defendant's Motion is GRANTED.  Plaintiff's claims are DISMISSED WITHOUT PREJUDICE to seeking relief within California's workers' compensation system.[4]  The Scheduling Conference set for May 30, 2014 at 1:30 p.m. is VACATED.


**SO ORDERED:**



DATED: May 1, 2014                          JOSEPHINE L. STATON
                                    _____
                                      HONORABLE JOSEPHINE L. STATON
                                      UNITED STATES DISTRICT JUDGE

_____

[4] At the hearing, the Court stated that it would not give Plaintiff leave to amend if its claims were dismissed based on a reading of section 5500.5 under which no new facts could be alleged, consistent with those already alleged, to survive dismissal.  (Hr'g Tr. 56:24-25, 57:1-10.)  As this is the case here, Plaintiff is not given leave to amend.